UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

XTO ENERGY, INC.,

    Plaintiff,

vs.                                                        Case No. 15 CV 1180 JAP/KK

JOHN L. FURTH, KENNETH P. LABAN,
and HENRY A. PERLES, as Co-Trustees
for THE TRUST U/W ANNE BAXTER
KLEE F/B/O KATRINA HODIAK; THE
TRUST U/W ANNE BAXTER KLEE
F/B/O MELISSA GALT; and THE
TRUST U/W ANNE BAXTER KLEE
F/B/O MAGINAL GALT,

    Defendants.

## ORDER DENYING MOTION FOR ADVISORY JURY

This case concerns a claim for unjust enrichment based on overpayment of an oil and gas interest. Plaintiff XTO Energy (Plaintiff or XTO) asks the Court to order restitution of the overpayments it made to Defendants John L. Furth, Kenneth P. Laban, and Henry A. Perles (collectively, Defendants or Trustees) as co-trustees of three testamentary trusts that held an interest in a federal oil and gas lease assigned to Plaintiff.[1] The Court has denied the summary judgment motions filed by the parties.[2] Although there is no right to a jury trial on Plaintiff's equitable claim, Defendants request that the Court try the issue with an advisory jury.[3] Plaintiff

---

[1] *See* SECOND AMENDED COMPLAINT FOR UNJUST ENRICHMENT (Doc. No. 48).
[2] *See* MEMORANDUM OPINION AND ORDER entered November 27, 2017 (Doc. No. 69).
[3] *See* DEFENDANTS' MOTION FOR TRIAL WITH AN ADVISORY JURY (Doc. No. 73); DEFENDANTS' REPLY TO XTO'S RESPONSE TO DEFENDANTS' MOTION FOR TRIAL WITH ADVISORY JURY (Doc. No. 77).

1

responds that an advisory jury is unnecessary and would not benefit the Court.[4] The Court will deny the motion.

In an action for which there is no federal right to a jury trial, the Court may try any issue with an advisory jury on its own motion or that of any party. Fed. R. Civ. P. 39(c)(1). Whether to empanel an advisory jury is a decision within the discretion of the district court. *Trotter v. Todd*, 719 F.2d 346, 348 (10th Cir. 1983). However, even if an advisory jury hears the case, the Court must independently review the evidence and enter its findings and conclusions of law. Fed. R. Civ. P. 52(a). The findings of an advisory jury are "merely advisory; the trial court must . . . make its own findings and review on appeal is of the findings of the court as if there had been no verdict from an advisory jury." *Marvel v. United States*, 719 F.2d 1507, 1515 n.12 (10th Cir. 1983) (internal quotation marks omitted); *see also OCI Wyoming, L.P. v. PacifiCorp*, 479 F.3d 1199, 1206 (10th Cir. 2007).

Courts typically empanel an advisory jury in the interests of judicial economy or when special factors suggest that a jury's guidance will be valuable to the Court. *See In re Currency Conversion Fee Antitrust Litigation*, Nos. 04 Civ. 5723(WHP), 05 Civ. 7116(WHP), 2012 WL 4361443, *1 (S.D.N.Y. Sept. 11, 2012) (unreported). The use of an advisory jury requires the expenditure of judicial resources in "addressing voir dire, jury instructions, and evidentiary rulings." *Id.* at *2. Nevertheless, judicial economy will still favor the use of an advisory jury "when at least one of the claims to be tried has facts in common with another claim that will be tried to a jury as a matter of right." *Id.* *1. But this is not the case here, where the only claim is equitable in nature. The Court's interest in efficient use of judicial resources therefore weighs against empaneling an advisory jury in this case.

---

[4] *See* XTO ENERGY INC.'S RESPONSE TO DEFENDANTS' MOTION FOR TRIAL WITH ADVISORY JURY (Doc. No. 76).

Even if it is not economical, the use of an advisory jury may still be justified if a case raises issues of public policy or depends on the definition or application of community standards, so that the guidance of a jury would be particularly helpful. *See id.* at *2. Defendants suggest that an advisory jury will be helpful to the Court in weighing the equities between the parties because of its insight as to community standards, but they offer no specific reason as to why a jury's advice on this issue would be more valuable than the Court's own analysis. This is not a case implicating important questions of public policy and the weighing of equities between the parties does not depend on a particular community viewpoint. The Court concludes that the use of an advisory jury is not called for under these circumstances.

IT IS THEREFORE ORDERED that DEFENDANTS' MOTION FOR TRIAL WITH AN ADVISORY JURY (Doc. No. 73) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE